GARRISON, Judge.
The appellants in the case at hand, Adam and Matteal Logan filed a personal injury suit individually and on behalf of their minor son, Johnell Logan, against the Housing Authority of New Orleans, appellee, on May 21,1984. The suit alleges that Johnell was “found to be suffering from lead poisoning on July 11, 1983.” The condition in question was allegedly caused from lead based peeling paint in the Logans’ HANO apartment in the St. Thomas Housing Project in New Orleans, Louisiana. Subsequently, the appellants amended their petition naming HANO’s insurer, National Union Insurance Company as an additional defendant.
On August 27, 1986 HANO and National Union filed a Peremptory Exception of Prescription claiming that prescription began to run in this case in 1981 rather than 1983, as claimed by the appellants. The exception was referred to the merits and tried before a Commissioner and Judge ad hoc Rivet. The Commissioner ruled in favor of the appellees, finding that the Logans acquired actual knowledge of their son’s injuries in 1981 rather than in 1983 as claimed. The Civil District Court dismissed the suit on grounds of prescription in January of 1987. The Logans have now brought this appeal contending that the trial judge erred in dismissing appellants suit on the grounds of prescription. We believe that the trial court was correct and did not err in granting the appellees exception of prescription for the following reasons.
A review of the record reveals that Joh-nell first tested positive for blood lead in September of 1981. The Lead Poisoning Prevention program first tested the Lo-gans’ apartment for lead on September 17, 1981. On September 23, 1981 the Logans were sent a letter, which was received, informing them that their son had high blood lead and containing instruction on temporary measures to prevent further exposure. The evidence shows that Johnell was tested five (5) times for lead in 1981, seven (7) times in 1982 and seven (7) in 1983. On January 6, 1983 the Logans’ *1034 apartment was again tested and was found to be satisfactorily free of accessible lead paint.
The appellants contend that although they knew of their son’s lead poisoning in 1981, they did not realize damages had been done until 1983. Therefore, they believe prescription should not have begun to run until 1983.
We believe that the appellants’ contention is incorrect. The trial court’s finding that a plaintiff is “aware” of his or her injury on a particular date must be accorded great weight and should not be disturbed unless clearly erroneous. McDermott, Inc. v. M-Electric and Construction Co., Inc. 496 So.2d 1105 (La.App. 4th Cir.1986), citing Canter v. Koehring Co., 283 So.2d 716 (La.1973), and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), writ denied 374 So.2d 660 (La 1979). In Canter, supra, the Louisiana Supreme Court stated:
“... When there is evidence before the trier of fact which upon its reasonable evaluation of credibility, furnished a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error.”
In the instant case, there is clearly a body of evidence from which the trial court could have based its conclusion that the appellants were aware of their child’s condition long before May of 1983, a year before this cause was filed. Thus, “manifest” error on the part of the trial court can not be found and its decision should stand.
AFFIRMED.